South American Gold & Platinum Co. v. Commissioner.
South American Gold & Platinum Co. v. Commissioner
Docket No. 109074.
United States Tax Court
1943 Tax Ct. Memo LEXIS 276; 2 T.C.M. (CCH) 194; T.C.M. (RIA) 43260; May 31, 1943
*276 John A. Gage, Esq., for the petitioner. Clay C. Holmes, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax liability for the year 1939 in the amount of $1,748.74. Petitioner filed its income and excess profits tax return for the year 1939 with the collector for the second district of New York. The record consists of a stipulation of certain facts and the income tax returns of petitioner and of Pacific Metals Corporation, 60 per cent of the stock of which is owned by petitioner. The stipulated facts are adopted as our findings of fact and are incorporated herein by reference. The necessary facts for an understanding of the question are set forth. None of the amounts set forth in the returns of petitioner or of the Pacific Metals Corporation are in dispute. The question relates only to the application of certain statutory provisions to the facts as disclosed by the returns. In his audit of petitioner's return for 1939 respondent made several adjustments, all of which are now conceded by petitioner. Those adjustments gave a rise to a deficiency in the amount of $1,748.74. Petitioner concedes this deficiency in *277 income tax liability. The only remaining issue is raised by an affirmative allegation made by the respondent in his amendments to his answer by which respondent alleges that he erred in failing to disallow, as a credit for the year 1939, the amount of $3,786.75, which represents 14,025 per cent of dividends received from the Pacific Metals Corporation. Respondent makes claim for an increase in the deficiency in such amount as will result from disallowance of the above credit. If the question raised by respondent's affirmative pleading is decided adversely to him, a decision will be entered that there is a deficiency in the amount which he determined originally, namely, $1,748.74. The parties have stipulated that petitioner is a domestic corporation within the meaning of section 26(b) of the Internal Revenue Code. Pacific Metals Corporation is a domestic corporation. None of its income was derived from sources within any possession of the United States, and more than 80 per cent of its income is from sources outside the United States. During 1939 Pacific Metals Corporation paid dividends to petitioner in the amount of $27,000. In its return petitioner reported receipt of the above *278 amount and took a credit in the amount of $3,786.75, in line 18 of schedule A - Excess Profits Tax Computation, which amount is 14.025 per cent of $27,000. The entire amount of the dividend was included in gross income. There is no dispute about the amount of the credit which was taken. In his second amended answer respondent alleged that petitioner erred in reporting, in schedule G, the dividends of $27,000 as dividends from a domestic corporation, and that petitioner should have included that amount in schedule G as dividends from "Foreign Corporations" in accordance with the provisions of sections 26 and 119 of the Internal Revenue Code. Respondent's brief has become due, none has been filed, and we are advised that no brief will be filed. We understand from this that respondent has abandoned the issue. As we understand the statements of petitioner's counsel at the hearing, none of the income of Pacific Metals Corporation was derived from sources "within a possession of the United States" as defined by section 251. That being so, the dividends are not within the exception set forth in section 26(b). The burden is upon respondent to introduce evidence to sustain the determination *279 he has made by his affirmative pleading. There is no evidence to show that the dividends in question fall within the exception set forth in section 26(b), or that section 119 is applicable or has any bearings on the question. In the absence of a brief on the law, we do not readily understand the ground for respondent's determination. Under all of the circumstances we are unable to sustain respondent's contention that the credit in the amount of $8,786.75 should be disallowed. Respondent's contention is rejected. Decision will be entered that there is a deficiency in income tax due for the year 1939 in the amount of $1,748.74.